UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR L. JORDAN, SR.,
    *Plaintiff*,

v.

COLLEEN GALLAGHER, *et al.*,
    *Defendants.*

No. 3:24-cv-01694 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Victor L. Jordan, Sr., a sentenced inmate housed at Cheshire Correctional Institution, proceeding *pro se*, has sued four Defendants alleging violations of his constitutional rights. Compl., ECF No. 1; *see* Initial Review Order, ECF No. 17 (narrowing claims and Defendants). In response, Defendants moved to dismiss all claims. Mot. to Dismiss, ECF No. 27.

For the following reasons, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**.

Plaintiff's claims against Warden Reis are dismissed.

All of the other claims against Colleen Gallagher, Dr. Gloria Perry, and Captain Blackstock will remain.

The Clerk of Court is respectfully directed to terminate Warden Reis as a Defendant in this case on the docket.

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

On October 23, 2024, Mr. Jordan filed a Complaint against various prison officials. *See* Compl.

On March 13, 2025, Mr. Jordan moved for an emergency motion for a temporary restraining order and preliminary injunction. *See* Mot. for Temporary Restraining Order, ECF No. 16.

On March 28, 2025, the Court conducted an initial review of the Complaint. *See* Initial Review Order. The Court allowed Mr. Jordan to proceed in his pursuit of "damages from Colleen Gallagher, Dr. Gloria Perry, Captain Blackstock in their individual capacities on his Eighth Amendment deliberate indifference claim; damages from Dr. Gloria Perry in her individual capacity on his First Amendment retaliation claim; and injunctive relief against Warden Reis in her official capacity on his Eighth Amendment deliberate indifference claim." *Id.* at 1. The Court also ordered Defendants to respond to Mr. Jordan's emergency motion. *See* Mar. 28, 2025, Text Order, ECF No. 18.

On June 25, 2025, Defendants moved to dismiss and filed an opposition to Mr. Jordan's emergency motion. *See* Mot. to Dismiss; Defs.' Mem. in Opp'n, ECF No. 30. On July 18, 2025, the Court denied Mr. Jordan's emergency motion because Mr. Jordan's request for injunctive relief (related to dental care for an allegedly infected tooth) overlapped with a claim Mr. Jordan made in a separate action. *See* Text Order Denying Emergency Motion, ECF No. 32. The Court

---

[1] Because Defendants' motion turns on the allegations in Mr. Jordan's Complaint and the Court detailed those allegations in its Initial Review Order, the Court assumes the parties' familiarity with that order as to the factual allegations.

ordered the parties to brief whether Mr. Jordan's other allegations were also duplicative. *Id.* Both parties did so. *See* Defs.' Br. in Resp., ECF No. 34; Pl. Resp., ECF No. 35.

Now fully briefed, the Court addresses the pending motion to dismiss.

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York*

*v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

**III.   DISCUSSION**

With the Court's dismissal of Mr. Jordan's claims for injunctive relief, Mr. Jordan's remaining claims are his claims for money damages against the individual capacity Defendants (Colleen Gallager, Dr. Gloria Perry, and Captain Blackstock).

The Court addresses these claims in turn.

**A.   The Applicability of the Prior-Pending Action Doctrine**

The Court has reviewed the parties' supplemental briefing about whether Mr. Jordan's remaining claims should be dismissed under the prior-pending action doctrine. The parties agree that the remaining claims (apart from the already-dismissed injunctive relief claims) are not subject to dismissal under this doctrine. Defs.' Br. in Resp. at 4, 9. The Court therefore does not dismiss them on this ground, and instead it evaluates Defendants' other arguments for dismissal.

**B.   The Eighth Amendment Claims**

Deliberate indifference to a prisoner's serious medical needs may constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A successful claim for deliberate indifference must satisfy both objective and subjective

4

components of the test. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom., *Foote v. Hathaway*, 513 U.S. 1154 (1995).

The objective component requires a plaintiff to "show that he actually did not receive adequate care and that the inadequacy in medical care was sufficiently serious." *Valdiviezo v. Boyer*, 752 F. App'x 29, 32 (2d Cir. 2018) (summary order). The court must "examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006), *abrogated on other grounds by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023).

If a plaintiff was completely deprived of medical care, courts "examine whether [his or her] medical condition is sufficiently serious." *Id.* But if the plaintiff received medical treatment and it was inadequate, "the seriousness inquiry is narrower," and "focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone." *Id.* (alteration in original; quotation marks and citation omitted). A medical need is sufficiently serious if "a reasonable doctor or patient would find [the condition] important and worthy of comment," if the condition "significantly affects an individual's daily activities," and if the condition causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted).

Under the subjective requirement, a defendant must have been actually aware that his or her actions or inactions would cause a substantial risk of harm to the plaintiff. *See Salahuddin*, 467 F.3d at 280 (citing *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)). "Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Id.* "[M]ere disagreement over the proper treatment does not create a constitutional claim,"

5

and "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance*, 143 F.3d at 703.

Defendants have disputed Mr. Jordan's factual allegations by comparing those allegations with details included in the attachments to his Complaint. Mot. to Dismiss at 15-22. But attachments are properly "reviewed . . . to better understand the context of the allegations in the complaint," *Alicea v. Yang*, No. 22-1482, 2023 WL 5994211, at *1 (2d Cir. Sept. 15, 2023) (summary order), and the Second Circuit has reversed district court decisions that "consider[ed]" and "adopt[ed]" descriptions in attachments to the complaint that "differed in nearly every way from the events described in the" complaint, *Pearson v. Gesner*, 125 F.4th 400, 408-09 (2d Cir. 2025). Indeed, "at the motion to dismiss stage, [p]laintiffs need not prove the allegations in their complaint 'definitively.'" *Sonterra Cap. Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 534-35 (2d Cir. 2020) (quoting *Todd v. Exxon Corp.*, 275 F.3d 191, 203 (2d Cir. 2001)).

Defendants also dispute the Court's characterization of Mr. Jordan's deliberate indifference claim as one involving deprivation of medical treatment as opposed to delay of medical treatment. Defendants again cite to the attachments to Mr. Jordan's Complaint in support of their argument that Plaintiff's claims allege delay versus deprivation. Mot. to Dismiss at 16-17. Even if true, these arguments are better suited for the summary judgment stage, rather than now.

Defendants further argue that no allegations support the personal involvement of Ms. Gallagher and Captain Blackstock. In the Initial Review Order, the Court concluded preliminarily that the claims against these two Defendants could proceed based on their responses to Mr. Jordan's grievances. Initial Review Order at 12-13. While Defendants argue that the Court's Initial Review Order does not give sufficient deference to *Tangreti v. Bachmann*,

983 F.3d 609 (2d Cir. 2020), even post-*Tangreti*, allegations that suggest "more than simple receipt" of a grievance may, depending on the circumstances, support personal involvement. *Anderson v. Quiros*, No. 3:24-CV-00408 (SVN), 2025 WL 2734580, at *6 (D. Conn. Sept. 25, 2025). As explained in the Initial Review Order, such is the case here.

Accordingly, the motion to dismiss the Eight Amendment claims against Colleen Gallagher, Dr. Gloria Perry, Captain Blackstock will be denied.

### C. The First Amendment Retaliation Claim

To state a cognizable First Amendment retaliation claim, a plaintiff must allege: "(1) that the speech or conduct at issue was protected; (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quoting *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015)).

As to Mr. Jordan's First Amendment retaliation claim against Dr. Perry, Defendants argue – yet again –that "the allegations that the Court relied upon in permitting this claim to proceed turned out to be untrue and contradicted by the records that Mr. Jordan appended to his Complaint." Mot. to Dismiss at 28. But, as the Court stated above, these arguments are better suited for the summary judgment stage, not this one.

Defendants also argue that Mr. Jordan failed to allege facts to support a causal connection between protected conduct and adverse action to support his retaliation claim. Mot. to Dismiss at 29. In particular, Defendants disagree with this aspect of the Court's Initial Review Order: "Mr. Jordan's complaints against "other medical staff" may be tenuously connected to 'Defendants[']' adverse actions, the Second Circuit has held that a plaintiff may state a First Amendment retaliation claim against prison officials who allegedly took adverse action against him, even

7

though his protected conduct was a lawsuit against officials at a different prison." Initial Review Order at 8 (citing *Davis v. Goord*, 320 F.3d 346, 354 (2d Cir. 2003)). In Defendants' view, "[i]n *Davis*, the Second Circuit explicitly found that the prisoner's allegations there, which are more than Mr. Jordan's here, *failed* to state a retaliation claim and *failed* to plausibly 'support an inference of a causal connection.'" Mot. to Dismiss 31 (quoting *Davis*, 320 F.3d at 354) (emphasis in original).

The Court disagrees.

In *Davis*, the Second Circuit held that, "[t]hough inartfully pled, these allegations are sufficient to support an inference of a causal relationship." *Davis*, 320 F.3d at 354. As a result, the allegations here too are "sufficient," at least at this stage of the case.

Accordingly, the motion to dismiss the First Amendment retaliation claim against Dr. Gloria Perry will be denied

### D. The Qualified Immunity Issue

Defendants seek application of the qualified immunity doctrine, largely arguing the same grounds that the Court addressed above. "[A]dvancing qualified immunity as grounds for a motion to dismiss is almost always a procedural mismatch." *Sabir v. Williams*, 52 F.4th 51, 64 (2d Cir. 2022).

Accordingly, qualified immunity will not be applied at this time.

### E. Injunctive Relief

Finally, as noted, on July 18, 2025, the Court denied Mr. Jordan's emergency motion because Mr. Jordan's request for injunctive relief was duplicative. *See* Order denying emergency motion, ECF No. 32 ("Although Plaintiff seeks injunctive relief against a different Defendant in this action than in the one before Chief Judge Shea, the relief functionally asks the Department

of Correction to alter Plaintiff's dental care to address the same tooth. Because the relief sought there is duplicative of relief sought here, the request for injunctive relief is therefore dismissed from this case, and the motion for temporary restraining order and preliminary injunction is **DENIED**.").

Having dismissed Mr. Jordan's request for injunctive relief in this case, any official capacity claims in this case against Warden Reis – the only remaining claim against her – must be dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (holding that plaintiffs may only sue state officials in their official capacities to the extent that they seek non-monetary, injunctive relief).

Accordingly, any and all claims against Warden Reis shall be dismissed, and she shall be dismissed as a Defendant in this case.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, ECF No. 27, is **GRANTED in part and DENIED in part**.

Plaintiff's claims against Warden Reis are dismissed.

All of the other claims against Colleen Gallagher, Dr. Gloria Perry, and Captain Blackstock will remain.

The Clerk of Court is respectfully directed to terminate Warden Reis as a Defendant in this case on the docket.

**SO ORDERED** at New Haven, Connecticut, this 19th day of December, 2025.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE

9